

DEC 1 1 2025

# UNITED STATES DISTRICT COURT

BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

# EASTERN DISTRICT OF OKLAHOMA

Nathan Caffey
Plaintiff,

v.

Sequoyah County Sheriff's Office,
Sheriff <Name Unknown Yet>, in his official capacity,
Deputy John Does 1–4, in their individual and official capacities,
Grand River Dam Authority Police,
Officer <Name Unknown Yet>,
Wildhorse Towing,
Defendants.

Case No.: 25-CV-443-JAR (to be assigned)

# COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

Plaintiff, appearing **sui juris**, alleges:

# I. JURISDICTION & VENUE

1. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

2. Venue is proper in the Eastern District of Oklahoma because all acts occurred within the district.

# II. PARTIES

3. Plaintiff **Nathan Caffey** is a private American national residing in Sequoyah County, Oklahoma.

4. Defendant **Sequoyah County Sheriff's Office** is the county law enforcement agency.

5. Defendant **Sheriff (Official Capacity)** is responsible for training, supervision, and policies.

6. **Does 1–4** are deputies responsible for Plaintiff's repeated unlawful arrests.

7. Defendant **GRDA Police** and unknown GRDA officer participated in unlawful seizure and false statements about "holds."

8. Defendant **Wildhorse Towing** participated jointly with law enforcement in unlawful seizure and ransom of Plaintiff's property.

# III. STATEMENT OF FACTS

### A. First Arrest & Seizure – May 30, 2025

9. On or about May 30, 2025, Plaintiff was seized and detained by GRDA police without probable cause.

10. Plaintiff was engaged in **a protected right of travel**, not operating in commerce.

11. The officer ordered Wildhorse Towing to seize Plaintiff's automobile.

12. GRDA and Wildhorse repeatedly shifted blame about an alleged "hold," claiming one existed when it did not.

13. After nearly **three months**, a GRDA employee admitted **no hold ever existed**.

14. Plaintiff requested a **post-tow hearing** immediately and again by certified mail on June 4, 2025.

15. The court ignored the request, violating **Oklahoma's post-tow hearing requirements** and **due process**.

16. Plaintiff was denied access to the court, told it was a "court of non-record," and refused filings despite public signs stating filings were accepted.

17. Plaintiff's motion to dismiss was denied **before the hearing date** and denied again when Plaintiff was not present — violating procedural due process.

18. A bench warrant was issued without notice or hearing.

## B. Pattern of Retaliation by Sequoyah County – 3 Arrests After May

19. After May 30, 2025, Sequoyah County deputies arrested Plaintiff **three separate times** solely for alleged "failure to obtain a driver's license" or "registration."

20. No crimes, no moving violations, no victims, no damages — purely administrative code allegations.

21. Deputies repeatedly told Plaintiff:
    **"Just get a license, Nate,"**
    demonstrating the arrests were coercive and retaliatory, not lawful.

22. Plaintiff was singled out during a retaliatory checkpoint in his own neighborhood — deputies admitted they were "looking for him."

23. A deputy placed his hand on his gun and threatened mace without any legal threat or crime occurring.

24. Plaintiff was arrested a second time simply for **riding a bicycle** [motorcycle] in his neighborhood.

25. Plaintiff was arrested again after obtaining a new Vulcan bike, on the second day of owning it, again with no moving violation and no probable cause. [occure home]

## C. Financial & Emotional Harm

26. Plaintiff has been without transportation since May 30, 2025.

27. Plaintiff's family has had to provide rides for food, medical needs, and work opportunities for **over 5 months**, causing financial strain.

28. Plaintiff lives under daily threat of more retaliatory stops and weapons-ready encounters.

29. Plaintiff is experiencing ongoing emotional distress, anxiety, and loss of liberty.

# IV. LEGAL CLAIMS

### COUNT 1 – 42 U.S.C. § 1983 — UNLAWFUL SEIZURE (Fourth Amendment)

Against all Defendants.

### COUNT 2 – FALSE ARREST / FALSE IMPRISONMENT

Multiple arrests with no probable cause.

### COUNT 3 – RETALIATION FOR EXERCISING A CONSTITUTIONAL RIGHT

Coercing Plaintiff to waive rights and obtain a license.

### COUNT 4 – DENIAL OF DUE PROCESS (Fifth & Fourteenth Amendments)

Ignored post-tow hearing; denied court access; warrant without hearing.

### COUNT 5 – FAILURE TO TRAIN & SUPERVISE

Sheriff responsible for deputies' systematic abuse.

### COUNT 6 – CIVIL CONSPIRACY

Tow company + police jointly participated in unlawful seizure and ransom.

### COUNT 7 – VIOLATION OF RIGHT TO LOCOMOTION / TRAVEL

Protected by **Saenz v. Roe (1999)** and multiple common-law cases.

# V. DAMAGES

Plaintiff seeks:

## Compensatory Damages:

- **$500,000** for loss of liberty, false arrest, emotional distress, transportation deprivation, and financial harm.

## Punitive Damages:

- Against individual officers for reckless disregard of rights.

## Declaratory Relief:

- A finding that Plaintiff's arrests were unlawful.

## Injunctive Relief:

- Order requiring the return of Plaintiff's vehicle **without fees.**
- Order prohibiting further retaliatory arrests absent a crime.

---

# VI. RELIEF REQUESTED

Plaintiff requests:

1. Judgment in the amount of **$500,000**.
2. Full return of seized property **with zero fees**.
3. A permanent injunction against further retaliatory enforcement.
4. Court costs and any other relief deemed just.

*/s/ [signature]*