

DEC 11 2025

BONNIE HACKLER
Clerk, U.S. District Court
By ____________
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

**Nathan Caffey**,
Plaintiff,
v.
**Sequoyah County Sheriff's Office, et al.**,
Defendants.

Case No: 25-CV-443-JAR

# NOTICE OF FILING NEWLY DISCOVERED EVIDENCE

Plaintiff, appearing sui juris, files this Notice and states:

1. On **December 4, 2025**, Plaintiff received correspondence from the **Oklahoma Corporation Commission – Title 42 Division**, relating directly to Plaintiff's vehicle seizure and Title 42 issues which occurred in **May–August 2025**.

2. This correspondence was not available to Plaintiff at the time of his original complaint or motions, and constitutes **newly discovered evidence**.

3. The delayed response from the OCC supports Plaintiff's claims of:

    - denial of due process,
    - failure of state agencies to provide required remedies,
    - obstruction or delay of administrative remedies, and
    - further injury to Plaintiff through prolonged inability to recover property.

4. Plaintiff respectfully submits the attached document as **Exhibit F** and requests the Court take judicial notice of this newly discovered evidence.

Respectfully submitted,
/s/ Nathan Caffey
Plaintiff, Sui Juris
Date: 12/09/25

**Exhibit F:** OCC Title 42 Division Letter (Received December 2025)



**Service Oklahoma**

December 4th, 2025

Nathan Caffey
99196 S. 4471 Rd.
Gore, OK 74435

Re: Nathan Caffey's "Notice of Ownership and Dispute of Title 42 Proceedings"

Dear Mr. Caffey,

Service Oklahoma is in receipt of your letter regarding a 2014 Ruby Red Ford Explorer VIN 1FM5K7D86EGA96784 addressed to the Oklahoma Tax Commission – Title 42 Department and mailed to 2501 N. Lincoln Blvd., Oklahoma City, OK 73194. Please be advised that the Oklahoma Tax Commission (OTC) and Service Oklahoma (SOK) are two (2) distinct and separate agencies of the State of Oklahoma. Motor Vehicle Services were transferred from the OTC to SOK on January 1st, 2023. Neither of these two (2) agencies currently have an office location at the address to which your letter was addressed. Your letter was somehow forwarded to and received by SOK on December 2nd, 2025.

Pursuant to 42 O.S. § 91(F), SOK can only put the sale process on hold upon receipt of notice of legal proceedings *prior to the completion of the sale process*. More specifically, this subsection states in pertinent part, "If such notice of commencement of court proceedings is not filed with Service Oklahoma, the possessory lien sale process may continue." The Title 42 process was approved and completed by SOK on August 15th, 2025, which is *prior* to receipt of your letter by SOK on December 2nd, 2025.

As such, this response serves to inform you that SOK will not take any action pursuant to your letter and does not have any further response to the claims as alleged in your letter at this time.

Sincerely,

Title 42
Service Oklahoma

cc:
Robbins Wrecker Service
200 W. Willis Rd.
Tahlequah, OK 74464

SERVICE OKLAHOMA

**Case Title:** Nathan Caffey v. [GRDA police / robbins wrecker service /cherokee nation quasi court/ Defendants]
**Case No.:** [25 cu-332-RAW-JAR]
**Court:** United States District Court, Eastern District of Oklahoma

As such, any attempt to **transfer, retitle, sell, dispose, or encumber** this vehicle—including but not limited to any Title 42 abandoned vehicle application—is **strictly prohibited** and constitutes:

- *Conversion of property,*
- *Interference with federal proceedings,* and
- *Deprivation of rights under color of law.*

Further, please take notice that **refusal or return of certified correspondence** does not defeat service or notice; avoidance of delivery constitutes **constructive notice** under law. This notice shall be entered into the public record as evidence of ownership dispute and pending litigation.

**Demand:**
All Title 42 actions or applications relating to the above VIN shall be **immediately suspended or withdrawn** until the final adjudication of the federal case. Any further interference will be reported to the Court and relevant federal authorities.

Respectfully,

**Nathan Caffey**
Attorney in Fact, Priority Creditor,
Authorized Representative for the Estate of NATHAN AUSTIN CAFFEY

IN THE DISTRICT COURT OF THE CHEROKEE NATION
TAHLEQUAH DISTRICT

CHEROKEE NATION,

Plaintiff,

vs.

NATHAN AUSTIN CAFFEY

DOB: 02/15/1998

Defendant.

Case No. CM-25-1353

2025 NOV 19 PM 3:09
CHEROKEE NATION DISTRICT COURT
COURT CLERK

**RESPONSE TO DEFENDANTS MOTION TO DISMISS FOR LACK OF JURISDICTION**

Comes now Chad C. Harsha, the duly elected and acting Attorney General of the Cherokee Nation (Nation), by and through Assistant Attorney General Cody Bowlin, respectfully submits this response in opposition to the Defendant's Motion to Dismiss for Lack of Jurisdiction.

Defendant requests that this Court dismiss the case pursuant to "Rule 123 of the Cherokee Nation District Court Rules." However, no such rule exists. The Cherokee Nation District Court Rules contain no Rule 123, and Defendant fails to cite any valid authority supporting dismissal. For this reason alone, Defendant's motion should be denied. The Cherokee Nation Code establishes the procedures for the dismissal of actions, and Defendant's motion does not rely on or reference any Cherokee Nation statutory authority. Instead, Defendant presents unsupported assertions regarding jurisdiction and procedure.

**I. Subject Matter and Personal Jurisdiction**

Defendant contends that this Court lacks both subject matter jurisdiction and personal jurisdiction. This argument is without merit. The Cherokee Nation District Court is a court of general jurisdiction empowered to hear cases and controversies arising under the laws of the

Cherokee Nation. *See* 20 CNCA § 11. Defendant is a citizen of the Cherokee Nation, and the alleged criminal conduct occurred within the boundaries of the Cherokee Nation Reservation. These facts squarely establish both subject matter jurisdiction and personal jurisdiction over Defendant. Moreover, the case law cited by Defendant regarding personal jurisdiction is wholly inapplicable to the issue and provides no support for dismissal.

**II. Insufficiency of Process / Failure to State a Claim**

Defendant next tosses out vague accusations of "insufficiency of process" and "failure to state a lawful claim," without offering any explanation. The best guess is that he is attempting to invoke Federal Rule of Civil Procedure 12(b)(6). If so, it is worth noting that this is a federal civil rule used to weed out meritless civil lawsuits—neither of which describes this case. This is a criminal matter in Cherokee Nation District Court. The rule has no more relevance here than Rule 123, which, again, does not exist.

**III. Defendant's Motion Lacks Any Basis in Law**

Defendant identifies no Cherokee Nation statute, rule, or relevant legal authority supporting dismissal. Instead, he attempts to rely on nonexistent tribal court rules and federal civil procedure, neither of which govern this proceeding. Because Defendant's motion is unsupported by law, fails to articulate valid grounds for dismissal, and relies on inapplicable legal standards, it is wholly without merit. For the foregoing reasons, the Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully Submitted,

Cody Bowlin, CNBA# 804
Assistant Attorney General
Cherokee Nation
P.O. Box 1533
Tahlequah, OK 74465-1533
(918) 453-5419

Indians <KEY>401.

Westlaw Topic No. 209.

C.J.S. Indians §§ 151 to 179.

**Rule 42. Motions, rulings and orders to be part of the record**

All motions, rulings, and orders shall become a part of the record.

**History**

**Source.** SC–AD–13–01, adopted March 27, 2013.

**Library References**

Indians <KEY>401.

Westlaw Topic No. 209.

C.J.S. Indians §§ 151 to 179.

**Rule 43. Motion to dismiss**

The respondent may file a motion to dismiss at any time prior to the scheduling order or as permitted in the scheduling order, or move for dismissal at any hearing for:

1. **lack of jurisdiction over subject matter.**

2. lack of jurisdiction over persons.

3. insufficiency of process or service thereof.

4. failure of petitioner to state a claim upon which relief can be granted.

SOK DEC 0 2 2025

**NOTICE OF OWNERSHIP AND DISPUTE OF TITLE 42 PROCEEDINGS**

**To:**
Oklahoma Tax Commission, Title 42 Department

2501 Lincoln Boulevard, Oklahoma City, OK 73194

Tow Company:[Robbins Wrecker Service 200 W wilis Tahlequah Ok 74435]
Cherokee County Clerk
U.S. District Court, Eastern District of Oklahoma (for filing as notice)

---

**From:**
**Nathan Caffey, Authorized Representative for the Estate of NATHAN AUSTIN CAFFEY**
99196s4471 rd]
[Gore ,Ok 74435]
[9187050087]
[11/11/25]

---

**Subject:** *Notice of Ownership & Dispute of Any Title 42 Application Regarding VIN [1FM5K7D86EGA96784]*

---

**To all parties concerned,**

This notice serves as **formal written objection** to any claim, process, or proceeding initiated under **Oklahoma Title 42** concerning the privately owned automobile described as:

**2014 Ruby Red Ford Explorer**
**VIN:** 1FM5K7D86EGA96784

Said automobile was **unlawfully seized** and removed from my private possession by GRDA Police and/or its agents, subsequently transferred to **[Robbins Wrecker Service]** without my consent or lawful court order.

I have **never abandoned** this property, nor has it been left unattended on public property as defined under Oklahoma law. I remain the lawful owner and secured party with superior claim of right, interest, and title to the property.

This matter is currently **under active federal litigation**: